**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ANTHONY C. LAWRENCE**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID LEWICKI, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1305-CR-426 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable David Happe, Judge
Cause No. 48C04-1210-FA-1836

**February 14, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

David Lewicki was convicted of class A felony Robbery,[1] class B felony Criminal Confinement,[2] and class C felony Battery,[3] and he admitted to being a habitual offender.[4] The trial court sentenced Lewicki to an aggregate term of sixty years, with fifty years executed and ten years suspended to probation. Lewicki now appeals and presents the following restated issues for our review:

1. Did the trial court abuse its sentencing discretion in its consideration of aggravating and mitigating factors?

2. Is Lewicki's sentence inappropriate in light of the nature of the offense and his character?

We affirm.

On March 8, 2012, Lewicki, Martez Brown, Victor Hood, and Terrance Tyler were all inmates in the same cell block at the Madison County Detention Center. At approximately 9:50 p.m., while Tyler lay asleep in his cell, Lewicki, Brown, and Hood entered the cell and began beating Tyler, knocking him unconscious. When Tyler regained consciousness, he was disoriented and came out of his cell and sat on a nearby table. At that time, Brown and Hood again attacked Tyler, punching him and knocking him to the ground before dragging him into Lewicki's cell, where they continued to beat him. During the second attack, Lewicki went into Tyler's cell and stole a sack of commissary items belonging to Tyler. At approximately 11:00 p.m., correctional officers became aware that Tyler was bleeding and

---

[1] Ind. Code Ann. § 35-42-5-1 (West, Westlaw current through 2013 1st Reg. Sess. & 1st Reg. Technical Sess.).
[2] I.C. § 35-42-3-3 (West, Westlaw current through 2013 1st Reg. Sess. & 1st Reg. Technical Sess.).
[3] I.C. § 35-42-2-1 (West, Westlaw current through 2013 1st Reg. Sess. & 1st Reg. Technical Sess.).
[4] Ind. Code Ann. § 35-50-2-8 (West, Westlaw current through 2013 1st Reg. Sess. & 1st Reg. Technical Sess.).

needed medical assistance. Tyler had sustained a black eye, a laceration to the back of the head, and a number of bruises.

As a result of these events, the State charged Lewicki with class A felony robbery, class B felony criminal confinement, and class C felony battery, and alleged that Lewicki was a habitual offender. A two-day jury trial commenced on March 12, 2013, and Lewicki was found guilty of robbery, criminal confinement, and battery as charged. Thereafter, Lewicki admitted to being a habitual offender. Lewicki was sentenced to concurrent terms of thirty years for robbery, fourteen years for criminal confinement, and six years for battery, and his robbery conviction was enhanced by thirty years based on the habitual offender adjudication. Thus, Lewicki received a sixty-year aggregate sentence, fifty years of which the trial court ordered executed and ten years of which were suspended to probation. Lewicki now appeals.

1.

Lewicki first argues that the trial court abused its sentencing discretion by considering an improper aggravating factor. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* at 491 (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)).

A trial court may abuse its sentencing discretion in a number of ways, including: (1)

failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Anglemyer v. State*, 868 N.E.2d 482. If the trial court abuses its discretion in one of these or another way, remand for resentencing is the appropriate remedy "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491.

In entering Lewicki's sentence, the trial court took note of two aggravating factors: (1) Lewicki's criminal history, which includes multiple felony convictions, and (2) that the crimes took place while Lewicki was incarcerated in a penal facility. Lewicki argues that the trial court's reliance on the fact that the offenses took place within a penal institution as an aggravating factor was an abuse of discretion because the trial court offered no explanation as to why that fact was aggravating. We disagree. The reason the setting in which the offenses in this case took place is aggravating is self-evident—it demonstrates that even under the strictest of disciplinary settings, Lewicki is unwilling or unable to refrain from committing very serious crimes. No further explanation from the trial court was necessary.

Next, although Lewicki concedes that the trial court identified his admission to the habitual offender allegation as a mitigating factor, Lewicki seems to suggest that the trial court abused its discretion by attributing insufficient mitigating weight to the admission. It is well settled, however, that the relative weight assigned to properly found aggravating and

mitigating factors is not subject to review for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482. Accordingly, Lewicki's argument in this regard is without merit. The trial court did not abuse its discretion in considering aggravating and mitigating factors.

2.

Next, Lewicki argues that his sixty-year aggregate sentence, with fifty years executed and ten years suspended, is inappropriate in light of the nature of the offense and his character. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. Pursuant to App. R. 7, the Supreme Court has authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Wilkes v. State*, 917 N.E.2d 675, 693 (Ind. 2009), *cert. denied*, 131 S.Ct. 414 (2010). Nevertheless, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

Whether we regard a sentence as appropriate "turns on our sense of the culpability of

the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Additionally, our review "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* at 1225. Thus, when reviewing a sentence pursuant to App. R. 7(B), we may consider all aspects of the penal consequences imposed by the trial court, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023 (Ind. 2010).

In this case, Lewicki committed a class A, class B, and class C felony. The sentencing range for a class A felony is twenty to fifty years, with an advisory sentence of thirty years. I.C. § 35-50-2-4 (West, Westlaw current through 2013 1st Reg. Sess. & 1st Reg. Technical Sess.). For a class B felony, the sentencing range is six to twenty years, with an advisory sentence of ten years. I.C. § 35-50-2-5 (West, Westlaw current through 2013 1st Reg. Sess. & 1st Reg. Technical Sess.). For a class C felony, the sentencing range is two to eight years, with an advisory sentence of four years. I.C. § 35-50-2-6 (West, Westlaw current through 2013 1st Reg. Sess. & 1st Reg. Technical Sess.). Lewicki was also adjudicated a habitual offender. Accordingly, the trial court was required to enhance one of his convictions by "an additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years." I.C. § 35-50-2-8. Lewicki received the thirty-year advisory sentence for class A felony robbery, enhanced by thirty years due to

the habitual offender adjudication. Lewicki also received above-advisory sentences of fourteen years for class B felony criminal confinement and six years for battery, but those sentences were ordered to be served concurrent with his enhanced robbery sentence. Accordingly, Lewicki received an aggregate sentence of sixty years, with fifty years executed and ten years suspended to probation.

Considering the nature of the offense, we note that Lewicki participated in two separate, unprovoked attacks on Tyler. Indeed, at the time of the first attack, Tyler was asleep in his cell. As a result of the attacks, Tyler was left with significant injuries and continued to suffer from lingering headaches and back pain more than a year later. Two correctional officers testified that the battery on Tyler was among the worst they had ever seen at the facility. Although the trial court noted that Lewicki was less involved in the violence inflicted on Tyler than Brown and Hood, he acted in concert with the other inmates and, during the second attack, entered Lewicki's cell and stole his commissary items. The fact that these offenses took place in a penal facility, in full view of security cameras, demonstrates Lewicki's brazen criminality and utter disregard for authority.

With respect to the character of the offender, Lewicki's criminal history is quite telling. In 1994, at the age of eighteen, Lewicki received his first felony conviction, for theft. Since then, he had committed a number of other felonies, including sexual misconduct with a minor, dealing in marijuana, and failure to register as a sex offender. Lewicki has also been convicted of a number of misdemeanors, including check deception, public intoxication, criminal trespass, and battery. Lewicki has repeatedly violated his probation and has been

7

written up while incarcerated. Lewicki argues that his admission to the habitual offender allegation is "some evidence of his acceptance and responsibility and character." *Appellant's Brief* at 11. Under the circumstances of this case, however, we cannot conclude that his admission was sufficient to redeem his character. Because Lewicki's criminal history was lengthy and undisputed, it appears his decision to admit to his habitual offender status was largely pragmatic. *See Anglemyer v. State*, 875 N.E.2d 218 (noting that a guilty plea is not a significant mitigator if the defendant has received a substantial benefit from the plea or where the evidence is such that the decision is a pragmatic one); *see also Jackson v. State*, 973 N.E.2d 1123 (Ind. Ct. App. 2012) (noting that an admission to a habitual offender allegation alone does not constitute an acceptance of responsibility for the underlying crime), *trans. denied*. Lewicki also notes that he has obtained his GED and received vocational training and has a history of employment. We note, however, that Lewicki's education and employment have done little to curb his criminal behavior, as he has remained in nearly constant contact with the criminal justice system since he became an adult. For all of these reasons, we cannot conclude that Lewicki's sentence is inappropriate.

Judgment affirmed.

KIRSCH, J., and BAILEY, J., concur.